**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.

★ JUN 05 2012

**BROOKLYN OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

SHARON MOSES, DAMIAN ANGLIN,   :
    :
                         Plaintiffs,   :
    :
       -against-   :
    :
DEUTCHE BANK NATIONAL TRUST   :
COMPANY AS TRUSTEE UNDER POOLING   :
AND SERVICING AGREEMENT DTD AS OF   :
JANUARY 1, 2007, SECURITZED ASSET   :
BACKED, VERONICA LEROSE,   :
JOHN DOES 1-3,   :
    :
                        Defendant.   :

----------------------------------------------------------------X

**MEMORANDUM & ORDER**
11-cv-5002 (ENV) (VVP)

**VITALIANO, D.J.**

       Plaintiffs Sharon Moses and Damian Anglin bring this pro se action against Deutsche Bank

National Trust Company as trustee of a collateralized pool of assets ("DBNT"), and several named

and unnamed individuals. Plaintiffs seek to recover losses arising from a foreclosure proceeding in

Supreme Court, Queens County. Defendant DBNT now moves to dismiss the complaint on various

grounds, including pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter

jurisdiction. For the reasons below, defendant's motion is granted.

### Background

       The following facts are drawn from the complaint and judicially noticed records of related

state court proceedings. See Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts

Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (judicial notice of state court records); see also

Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 (2d Cir. 2001) (facts outside the pleadings may

be considered in jurisdictional determinations).

       Moses resided at a house in Queens with her son and co-plaintiff, Damian Anglin. The

1

house, however, was owned by defendant Veronica Lerose. Lerose financed the purchase of property through a mortgage, which was later assigned to DBNT.[1] Lerose subsequently defaulted on the mortgage, which resulted in DBNT commencing judicial foreclosure proceedings. Supreme Court entered judgment of foreclosure and sale on January 18, 2008.[2] (See "Judgment of Foreclosure and Sale," Dkt. No. 23-5.) Plaintiffs now seek a declaratory judgment, see 28 U.S.C. § 2201, invalidating the judgment of foreclosure on the ground that the underlying mortgage was the result of predatory lending "and to conduct a preliminary conference for the purpose of obtaining back their home."

## Legal Standards

"[N]ot every action has a home in federal court." Cadet v. ADP, No. 11-cv-3240, 2011 WL 4072307, at *1 (E.D.N.Y. Sept. 13, 2011). For a federal court to exercise its limited jurisdiction, a plaintiff must either plead a claim "arising under the Constitution, laws, or treaties of the United States," see 28 U.S.C. § 1331, or show that the action is between citizens of different states for an amount exceeding $75000, see 28 U.S.C. § 1332. See also Cadet, 2011 WL 4072307, at *1. It is the plaintiff's burden to plead and prove subject matter jurisdiction. Standard Chartered Bank Malaysia Holdings v. Lehman Bros. Asia Holdings Ltd., No. 08-cv-8152, 2008 WL 4355355, at *1 (S.D.N.Y. Sept. 22, 2008); Sty-Lite Co. v. Eminent Sportswear Inc., 115 F. Supp. 2d 394, 399 (S.D.N.Y. 2000) (citing Universal Reinsurance Co. v. St. Paul Fire and Marine Ins. Co., 224 F.3d 139, 140 (2d Cir. 2000)). "[F]ailure to plead facts which bring an action within a court's jurisdiction warrants dismissal of the action." Argo Trades S.A. v. Petkim Petrochemicals Trading FZE, No. 09 Civ. 171, 2009 WL 90340, at *1 (S.D.N.Y. Jan. 14, 2009).

---

[1] Plaintiffs allege Lerose was a "straw buyer" for them, but never deeded the property to Moses or Anglin once the purchase had been made.

[2] Moses was duly served with process in the foreclosure proceedings. (See Dkt. No. 23-4.) Anglin, however, was not named as a party.

However, as plaintiffs are proceeding pro se, the Court holds their complaint to a less stringent standard than one drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Plaintiffs' pleadings must, therefore, be construed liberally and interpreted "to raise the strongest claims that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

## Discussion

### A. Failure to Plead Diversity

Even on the most liberal reading of the complaint, plaintiffs fail to plead facts that would confer jurisdiction on this Court. All of plaintiffs claims sound in fraud and contract, causes of action that do not, as a general matter, implicate federal subject matter jurisdiction in the absence of diversity. Moreover, plaintiffs entirely fail to plead the citizenship of the parties to the suit. "Part of [a plaintiff's] burden in a diversity case is alleging the citizenship of all parties." Sty-Lite, 115 F. Supp. 2d at 399. Diversity of citizenship "should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (quotation omitted). Here, plaintiffs fail to plead the citizenship of any of the defendants, a circumstance which almost invariably leads courts to "dismiss[] pleadings for lack of subject matter jurisdiction." Laufer Wind Group LLC v. DMT Holdings L.L.C., No. 10 Civ. 8716, 2010 WL 5174953, at *1 (S.D.N.Y. Dec. 20, 2010) (citing cases). Since the pleadings offer no hint of a basis for federal subject matter jurisdiction, the complaint must be dismissed.[3]

---

[3] Though plaintiffs purport to proceed under 28 U.S.C. § 2201, it is well-settled that the Declaratory Judgment Act "does not by itself confer subject matter jurisdiction on the federal courts." Correspondent Services Corp. v. First Equities Corp. of Florida, 442 F.3d 767, 769 (2d Cir. 2006).

*B. No Leave to Amend*

While "leave [to amend] shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), "where amendment would be futile, denial of leave . . . is proper." In re Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 220 (2d Cir. 2006). Such futility is present here because, among other reasons, defendant Lerose appears to be a New York citizen and plaintiffs lack prudential standing.

First, the affidavit of service on Veronica Lerose from the Supreme Court foreclosure action establishes Lerose is a New York citizen for jurisdictional purposes as she was served in Elmont, New York. (See Dkt. No. 23-3, 23-4.) The complaint in the foreclosure action bolsters the proof, alleging that Lerose was a resident of New York. These indications that plaintiffs "and a defendant [are] citizens of the same state defeat complete diversity and render subject matter jurisdiction lacking in this case." Richards v. W2005 Wyn Hotels, LP, No. 11 Civ. 8880, 2011 WL 7006505, at *1 (S.D.N.Y. Dec. 13, 2011); see also Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806); Aurora Loan Services LLC v. Sadek, No. 09 Civ. 9651, 2011 WL 3678005, at *2 (S.D.N.Y. Aug. 22, 2011) ("Put simply, [complete diversity] means that no plaintiff can be a citizen of the same state as a defendant.").

Second, in any case, this Court could not adjudicate plaintiffs' claims for a more fundamental reason: plaintiffs plead facts showing they have no standing. Even when a plaintiff can meet Article III's constitutional minima of standing (which are not here at issue), the Supreme Court "has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197 (1975); see also Leibovitz v. New York City Transit Auth., 252 F.3d 179, 185 (2d Cir. 2001). Plaintiffs here seek to invalidate Lerose's mortgage as assigned to DBNT on

the basis that it was procured by fraud in the form of "predatory lending." Neither Moses nor Anglin, however, was a party to the mortgage agreement; indeed, plaintiffs plead that Lerose had been a "straw buyer" who failed or refused to deed the property to plaintiffs following the closing of the sale.[4] A legally cognizable right to invalidate the mortgage agreement or sue in tort for fraud in its making, if any, would accrue to Lerose. As nonparties to that financing, plaintiffs hold no such claims against DBNT. See Omnipoint Commcs. v. Comi, 233 F. Supp. 2d 388, 393 (N.D.N.Y. 2002); Leibovitz, 252 F.3d at 185; see also Eaves Brooks Costume Co. v. Y.B.H. Realty Corp., 76 N.Y.2d 220, 227, 556 N.E.2d 1093, 1096 (1990).[5]

### Conclusion

For the foregoing reasons, defendant's motion to dismiss pursuant to Rule 12(b)(1) is granted and the complaint is dismissed with prejudice for lack of subject matter jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED**.

Dated: Brooklyn, New York
May 30, 2011

ERIC N. VITALIANO
United States District Judge

---

[4] The loan agreement itself—a document essential to plaintiff's claims—is incorporated by reference into the complaint. Singh v. Wells, 445 F. App'x 373, 375 (2d Cir. 2011)

[5] Nor do plaintiffs have standing to bring this suit as third-party beneficiaries of the loan agreement. "Under New York law in order to recover as a third-party beneficiary of a contract, a claimant must establish that the parties to the contract intended to confer a benefit on the third party." Subaru Distributors Corp. v. Subaru of Am., Inc., 425 F.3d 119, 124 (2d Cir. 2005) (citing State of Cal. Pub. Employees' Ret. Sys. v. Shearman & Sterling, 95 N.Y.2d 427, 434-35, 741 N.E.2d 101, 104 (2000)). Nothing in the pleadings suggests that DBNT or the original lender, WMC Mortgage Corp., intended to confer a benefit on plaintiffs, nor do the loan documents themselves indicate such intent. In fact, the allegation that Lerose was a "straw buyer" for plaintiffs implies that plaintiffs' role was, at best, hidden and that neither WMC, nor its assignee, DBNT, intended to bestow any benefits or contractual rights on plaintiffs.